IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HUNTER JONES and ALEXIA RIVERA,**<br>**Each Individually and on Behalf of all**<br>**Others Similarly Situated** | | **PLAINTIFFS** |
| vs. | No. 5:20-cv-230 | |
| **DOGTASTIC, LLC, KIMBERLY SMITH**<br>**and MICHAEL MITCHELL** | | **DEFENDANTS** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Hunter Jones and Alexia Rivera, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Dogtastic, LLC, Kimberly Smith, and Michael Mitchell (collectively, "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.   INTRODUCTION

1.   Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' operating an improper tip pool and illegally withholding tips owed Plaintiffs and others similarly situated.

2.   Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

5. Plaintiffs were or are employed by Defendants as dog care specialists at Defendants' dog day care business located in the San Antonio Division of the Western District of Texas.

6. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff Jones is a citizen and resident of Bexar County.

9. Plaintiff Jones is currently employed by Defendants as a dog care specialist and has been since February of 2019.

10. Plaintiff Rivera is a citizen and resident of Bexar County.

11. Plaintiff Rivera was employed by Defendants as a dog care specialist from November of 2019 until February of 2020.

12. Plaintiffs, as employees of Defendants, have been engaged in commerce or in the production of goods for commerce.

13. Defendant Dogtastic, LLC ("Dogtastic"), is a domestic limited liability company.

14. Dogtastic does business as Pawderosa Ranch, a dog day care.

15. Dogtastic's registered agent for service of process is Kimberly Smith at 923 Clydeville Road, San Antonio, Texas 78216.

16. Defendant Kimberly Smith ("Smith") is an individual and a resident of Texas.

17. Smith is an owner, principal, officer and/or director of Dogtastic, LLC, and Pawderosa Ranch.

18. Smith manages and controls the day-to-day operations of Pawderosa Ranch, including but not limited to the decision to deprive Plaintiffs of the tips they earned and redistribute those tips among non-tipped employees.

19. Defendant Michael Mitchell ("Mitchell") is an individual and resident of Texas.

20. Mitchell is an owner, principal, officer and/or director of Dogtastic, LLC, and Pawderosa Ranch.

21. Mitchell manages and controls the day-to-day operations of Pawderosa Ranch, including but not limited to the decision to deprive Plaintiffs of the tips they earned and redistribute those tips among non-tipped employees.

22. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish

wages and wage policies and set schedules for their employees through unified management.

23. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

24. Defendant employs individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

25. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

26. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

27. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

### IV.   FACTUAL ALLEGATIONS

28. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. Plaintiffs were employed by Defendant as dog care specialists during the time period relevant to this lawsuit.

30. Plaintiffs and those similarly situated work as hourly, non-exempt employees at Pawderosa Ranch.

31. Defendant pays its dog care specialists an hourly rate that is at or above the applicable minimum wage.

32. Plaintiffs and those similarly situated also receive tips from customers for services provided.

33. Defendant does not allow Plaintiffs or similarly situated employees to keep the tips they receive.

34. Instead, Defendant takes tips given to Plaintiffs and similarly situated employees and redistributes them among the three department heads employed by Defendant.

35. The department heads who receive the tips meant for Plaintiffs and similarly situated employees are not employees who customarily and regularly receive tips, and are not "tipped employees" within the meaning of 29 U.S.C. § 203(t).

36. As a result, Defendant's tip pool does not satisfy the requirements of the FLSA.

37. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff, and all others similarly situated, violated the FLSA.

38. Plaintiff and all those similarly situated are entitled to the return of their tips.

### V. REPRESENTATIVE ACTION ALLEGATIONS

39. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

40. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

41.  Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA pursuant to 29 U.S.C §§ 207 and 216(b), specifically as follows:

**All tipped employees within the past three years.**

42.  At all relevant times, Defendant directly hired members of the collective to work in its dog day care, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

43.  Plaintiffs are unable to state the exact number of the class but believes the number to be at least thirty (30) people.

44.  Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

45.  The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

46.  The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

47.  The proposed FLSA class members are similarly situated in that:

A.  They have been subject to uniform practices by Defendant which violated

the FLSA, including Defendant's operating an improper tip-pool in violation of the FLSA, 29 U.S.C. § 201, *et seq.*;

    B.    They have the same or similar job duties; and

    C.    They regularly receive tips from Defendant's customers, or would have received tips if not for the improper tip pool instituted by Defendant.

48.    Defendant's actions in denying tips to Plaintiffs and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI.   FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

49.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

50.    This is a collective action filed on behalf of all non-exempt tipped employees who were subject to an illegal tip-pooling arrangement under the FLSA.

51.    This is a collective action filed on behalf of all non-exempt tipped employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid wages because their tips were illegally withheld from them.

52.    At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

53.    At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendant', as defined by 29 U.S.C. § 203(e).

54.    At all relevant times, Defendant was an "employer" of Plaintiffs and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

55.    Under FLSA regulations, tips are the property of the employee whether or

not the employer has taken a tip credit under 29 U.S.C. § 203(m).

56. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

57. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

58. Defendant willfully violated and continues to violate the FLSA by withholding Plaintiffs' and all other similarly situated employees' tips in furtherance of an invalid tip-pooling arrangement.

59. Defendant's violations entitle Plaintiffs and all other similarly situated employees to compensatory damages calculated as the full amount of the tips withheld

60. Defendant's violations entitle Plaintiffs and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

61. Plaintiffs and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII.  SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the Fair Labor Standards Act)

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

63. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

64. At all relevant times, Plaintiffs have been "employees" of Defendant as defined by 29 U.S.C. § 203(e).

65. At all relevant times, Defendant was the "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

66. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

67. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

68. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit toward its minimum wage obligations.

69. Defendant violated and continues to violate the FLSA by withholding Plaintiffs' tips in furtherance of an invalid tip-pooling arrangement.

70. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of the tips withheld.

71. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

72. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Hunter Jones and Alexia Rivera, each individually and on behalf of all members of the putative collective respectfully request this Court grant the following relief:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiffs, the collective members, and the Court for all monies paid to Plaintiffs and the collective members;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

E. Judgment for damages for all tips retained illegally by Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all tips owed to Plaintiffs and members of the collective during the applicable statutory period;

G. An order directing Defendants to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action;

H. Reservation of the right to amend this Complaint as provided by law; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**HUNTER JONES and ALEXIA RIVERA, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com